**UNITED STATES of America,**
**Appellee,**

v.

**Horia OPRAN, aka "Howard,"**
**Defendant–Appellant.**

No. 00–1424.

United States Court of Appeals,
Second Circuit.

Feb. 16, 2001.

Dennis P. McAllister, Williston Park, NY,, for appellant.

Burton T. Ryan, Jr., Assistant United States Attorney, Eastern District of New York; Loretta E. Lynch, United States Attorney, Susan Corkery, Assistant United States Attorney, on the brief, for appellee.

Present JACOBS, SOTOMAYOR,
Circuit Judges., COTE, District Judge.*

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Horia Opran appeals from the judgment of the United States District Court for the Eastern District of New York (Spatt, J.), on his plea of guilty to one count of conspiracy to commit bank fraud (18 U.S.C. § 371), one count of bank fraud (18 U.S.C. § 1344), and one count of money laundering (18 U.S.C. § 1956). Opran was sentenced chiefly to 78 months imprisonment and was required to make restitution of $2.6 million.

Opran was indicted for his leadership role in a complex scheme involving credit

---

card fraud, check kiting, and money laundering. At its apex, the scheme involved over thirty individuals, numerous fictitious businesses, hundreds of credit card accounts, and millions of dollars.

Opran was sentenced under the guideline applicable to money laundering. *See* U.S. Sentencing Guidelines Manual § 2S1.1(a)(2)(1998). Opran claims that his money laundering conduct was "atypical" and that the sentencing court should have used the fraud guidelines (§ 2F1.1) in calculating his sentence.

The kind of sentencing adjustment that Opran seeks would ordinarily be considered a downward departure from the money laundering guideline to the fraud guideline. However, Judge Spatt, who was aware of his ability to downwardly depart in Opran's case, elected not to do so. [GA 61–69] Opran does not challenge that ruling on appeal, no doubt because he appreciates that we lack the jurisdiction to review the refusal to make the downward departure. *See United States v. Piervinanzi*, 23 F.3d 670, 685 (2d Cir. 1994)("[W]e are without authority to consider [the defendant's] contention that a departure [from the money laundering guideline to the fraud guideline] was improperly withheld from him.").

Instead, Opran argues that because his conduct was "atypical," the district court should have applied a different guideline. Opran relies on a case from the Third Circuit, *United States v. Smith*, 186 F.3d 290 (3d Cir.1999), under which the sentencing court first considers whether the designated guideline applies, or whether the conduct is "atypical" in comparison to that usually punished by the statute of conviction, and if so decides "which guideline is more appropriate." *Id.* at 297. *But see* U.S. Sentencing Guidelines, Supplement to App. C, Am. 591, at 32 (2000)(characterizing *Smith* as the result

of "confusion," amending Guidelines to remove "atypical"). The *Smith* court concluded that the defendants' crimes fell outside the heartland of the money laundering guideline, and applied the guideline for fraud. This Circuit has never adopted that approach. In any event, the money laundering here, as Judge Spatt found, was integral to the overall scheme and not incidental to it. There was no error in sentencing Opran under the money laundering guideline for this conduct.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.